UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.

HAN NGOC LE,

    Plaintiff,

vs.

THUY THU THI NGUYEN,
d/b/a Anthony Vince Nail Spa, and
THUY THU THI NGUYEN, individually,

    Defendants.
_____/

## **C O M P L A I N T**

    COMES NOW, the Plaintiff, HAN NGOC LE, by and through her undersigned attorneys, and hereby sues the Defendant, THUY THU THI NGUYEN, d/b/a Anthony Vince Nail Spa, and THUY THU THI NGUYEN, individually, and states:

    1.    This is an action for damages under Fair Labor Standards Act. Plaintiff, HAN NGOC LE, hereby requests a trial by jury on all counts.

### **PARTIES**

    2.    Plaintiff brings an action for overtime. Plaintiff is and was at all times material hereto a resident of Palm Beach County, Florida. Plaintiff was an employee of Defendant, and she brings this action for overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (hereinafter referred to as "FLSA"). Plaintiff performed nail technician and other nonexempt duties and related activities in Palm Beach County, Florida.

3. At all times material hereto, Plaintiff, HAN NGOC LE, was and is a resident of the State of Florida.

4. Defendant, THUY THU THI NGUYEN, d/b/a Anthony Vince Nail Spa (hereinafter "Defendant AVNS" and/or "Defendant"), is an employer authorized to transact business in the State of Florida and further, was conducting business in Palm Beach County, Florida.

5. Defendant, THUY THU THI NGUYEN (hereinafter "Defendant TTTN" and/or "Defendant"), is sui juris and a resident of the State of Florida.

6. Plaintiff alleges that Defendant and management, at all times material hereto, regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the rate of pay of employees, and/or control the finances and operations of Defendant.

7. The acts and transactions herein alleged took place in the County of Palm Beach, State of Florida.

8. Jurisdiction is conferred on this court by 28 U.S.C. § 1337 and by 29 U.S.C. § 216(b). At all times pertinent to this Complaint, Defendant AVNS was an enterprise engaged in interstate commerce. At all times pertinent to this Complaint, Defendant AVNS regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined by § 3® and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s). Additionally, Plaintiff was individually engaged in commerce.

9. Plaintiff's employment with Defendant AVNS provided for hourly waged compensation. Defendant AVNS's violations include failure to pay Plaintiff time and one-half wages for hours worked in excess of forty within a work week.

## COUNT I - PLAINTIFF'S CLAIM FOR OVERTIME

10. Plaintiff repeats and realleges Paragraphs 1 through 9, above as if fully restated herein.

11. Plaintiff was an employee of Defendant AVNS, and brings this action on behalf of herself and other employees and former employees of Defendant AVNS similarly situated to her for overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b). Plaintiff performed nonexempt duties and related work activities in Palm Beach County, Florida.

12. Defendant AVNS is an employer authorized to do business in Palm Beach County, Florida, which sits within the jurisdiction of this Court.

13. This action is brought to recover from Defendant AVNS overtime compensation, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Title 29 U.S.C. § 216(b) (hereinafter referred to as the "Act").

14. Jurisdiction is conferred on this Court by 28 U.S.C. § 1337 and by 29 U.S.C. § 216(b). At all times pertinent to this Complaint, Defendant AVNS was an enterprise engaged in nail salon services. At all times pertinent to this Complaint Defendant AVNS regularly owned and operated a business engaged in interstate commerce or the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s). Additionally, Plaintiff was individually engaged in commerce.

15. The additional persons who may become plaintiffs in this action are salaried employees and/or former employees of Defendant AVNS who did not receive time and one half wages for all hours worked in excess of forty (40) within a work week on or after September 1, 2013.

16. At all times pertinent to this Complaint, Defendant AVNS failed to comply with Title 29 U.S.C. § 201-209 in that Plaintiff and those similarly situated to Plaintiff performed services for Defendant AVNS for which no provisions were made by Defendant AVNS to properly pay Plaintiff for those hours worked in excess of forty (40) within a work week.

17. Plaintiff's employment with Defendant AVNS involved nonexempt duties and activities. Defendant AVNS's violations include failure to pay Plaintiff time and one half wages for hours worked in excess of forty (40) within a work week.

18. In the course of her employment with Defendant AVNS, Plaintiff and other similarly situated employees were not paid time and one half of their regular rate of pay for all hours worked in excess of forty hours per work week during one or more work weeks.

19. The records, if any, concerning the number of hours actually worked by Plaintiff and all other similarly situated employees and the compensation actually paid to such employees are in the possession and custody of Defendant AVNS. Plaintiff has in her possession substantial records as well.

20. Plaintiff is entitled to be paid time and one half of her regular rate of pay for each hour worked in excess of forty (40) hours per work week. All similarly situated employees are similarly owed their overtime rate for each overtime hour they worked and were not properly paid.

21. By reason of the said intentional, willful, and lawful acts of Defendant AVNS, all Plaintiffs (Plaintiff and those similarly situated to her) have suffered damages plus incurred costs and reasonable attorney's fees.

22. As a result of Defendant AVNS's willful violation of the Act, all Plaintiffs (Plaintiff and those similarly situated to her) are entitled to liquidated damages.

WHEREFORE, Plaintiff, HAN NGOC LE, and those similarly situated to her who have or will opt into this action, demand judgment against the Defendant, THUY THU THI NGUYEN, d/b/a Anthony Vince Nail Spa, for the payment of all overtime hours at one and one half their regular rate of pay due them for the hours worked by them for which they have not been properly compensated, liquidated damages, and reasonable attorney's fees and costs of this lawsuit, and for such other and further relief as this Court may deem just and proper.

**COUNT II - LIABILITY AGAINST THUY THU THI NGUYEN, INDIVIDUALLY**

23. Plaintiff repeats and realleges Paragraphs 1 through 9, above as if fully restated herein.

24. Plaintiff is entitled to be paid time and one half her regular rate of pay for each hour worked in excess of forty (40) hours per week during her employment with Defendant AVNS within the three (3) year statute of limitations period between approximately September 1, 2013 and September 2016.

25. Defendant AVNS, knowingly and willfully failed to pay Plaintiff at time and one half of her regular rate of pay for all hours worked in excess of forty (40) hours per week.

26. By reason of the said intentional, willful, and unlawful acts of Defendant AVNS and Defendant TTTN, the Plaintiff has suffered damages plus she has incurred costs and reasonable attorney's fees.

27. As a result of Defendant AVNS's willful violations of the Act, Plaintiff is entitled to liquidated damages.

28.     Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action from Defendant AVNS and Defendant TTTN.

WHEREFORE, Plaintiff, HAN NGOC LE, demands judgment against the Defendants, THUY THU THI NGUYEN, d/b/a Anthony Vince Nail Spa, and THUY THU THI NGUYEN, individually, for the payment of all overtime hours at one and one half her regular rate of pay due her for the hours worked by her for which she has not been properly compensated, liquidated damages, reasonable attorney's fees and costs of suit, and for all proper relief including prejudgment interest.

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury on all of the issues so triable by law.

**DATED:  October 18, 2016.**

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| CHRISTOPHER J. RUSH & ASSOCIATES, P.A. | MESA-ESTRADA LAW, P.A. |
| Attorneys for Plaintiffs | Co-Counsel for Plaintiffs |
| Compson Financial Center, Suite 205 | Compson Financial Ctr, Ste. 205 |
| 1880 North Congress Avenue | 1880 North Congress Avenue |
| Boynton Beach, FL 33426 | Boynton Beach, FL 33426 |
| 561-369-3331 | 561-880-8062 |
| 561-369-5902 (fax) | 561-828-8359 (fax) |
| E-mail:  crush@crushlawfl.com | E-mail:  victoria@mesaestradalaw.com |
| E-mail:  eservice@crushlawfl.com | |
| By         */s/ Christopher J. Rush* | By    */s/ Victoria Mesa-Estrada* |
| Christopher J. Rush    (FBN 621706) | Victoria Mesa-Estrada (FBN 76569) |