UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-81758-CIV-DIMITROULEAS

HAN NGOC LE,
    Plaintiff,

v.

ANTHONY VINCE' NAIL SPA, LLC,
a Florida limited liability company,
HOANG L. NGUYEN, individually, and
TRONG TANG, individually,

    Defendants.
_____/

**ORDER DENYING DEFENDANTS' MOTION FOR
PARTIAL SUMMARY JUDGMENT**

THIS CAUSE is before the Court Defendants Anthony Vince Nail Spa, LLC ("AVNS"), Hoang L. Nguyen, and Trong Tang (collectively, "Defendants")'s Motion for Partial Summary Judgment, filed on October 11, 2017 [DE 40]. The Court has carefully considered the Motion, Plaintiff Han Ngoc Le ("Plaintiff"")'s November 16, 2017 Amended Response [DE 47], Defendants' November 22, 2017 Reply [DE 50], the parties' statements of facts, the exhibits and affidavits filed in the record, and is otherwise fully advised in the premises.

**I.    Background**

On October 18, 2016, Plaintiff filed a Complaint in the instant action, which was replaced on January 24, 1017 by an Amended Complaint. *See* [DE's 1, 13]. Plaintiff worked for AVNS from 2012 until August of 2014 as a nail technician and wax technician. Plaintiff alleges claims against Defendants for violations of the overtime wage provisions of the Fair Labor Standards Act,

1

29 U.S.C. §§201, et seq. ("FLSA") and the Internal Revenue Code's prohibition on willful filing of fraudulent tax information forms, 26 U.S.C. § 7434.

Defendants have moved for partial summary judgment, seeking summary judgment in their favor as to Counts I, III, and IV of the Amended Complaint on the grounds that Plaintiff was exempt from the overtime provisions of the FLSA pursuant to 29 U.S.C. §207(i).

**II.    Standard of Review**

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears "the stringent burden of establishing the absence of a genuine issue of material fact." *Suave v. Lamberti*, 597 F. Supp. 2d 1312, 1315 (S.D. Fla. 2008) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

"A fact is material for the purposes of summary judgment only if it might affect the outcome of the suit under the governing law." *Kerr v. McDonald's Corp.*, 427 F.3d 947, 951 (11th Cir. 2005) (internal quotations omitted). Furthermore, "[a]n issue [of material fact] is not 'genuine' if it is unsupported by the evidence or is created by evidence that is 'merely colorable' or 'not significantly probative.'" *Flamingo S. Beach I Condo. Ass'n, Inc. v. Selective Ins. Co. of Southeast*, 492 F. App'x 16, 26 (11th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986)). "A mere scintilla of evidence in support of the nonmoving party's position is insufficient to defeat a motion for summary judgment; there must be evidence from which a jury could reasonably find for the non-moving party." *Id.* at 26-27 (citing *Anderson*, 477 U.S. at 252). Accordingly, if the moving party shows "that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the nonmoving

2

party" then "it is entitled to summary judgment unless the nonmoving party, in response, comes forward with significant, probative evidence demonstrating the existence of a triable issue of fact." *Rich v. Sec'y, Fla. Dept. of Corr.*, 716 F.3d 525, 530 (11th Cir. 2013) (citation omitted).

### III. **Discussion**

Generally, employers must pay employees overtime for hours worked in excess of forty (40) hours per week. The general provision of the FLSA provides:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce in the production of goods for commerce, for a work week longer than forty hours unless such employee received compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207 (a)(1). This is subject to several later specified exemptions for particular classifications of employees.

The FLSA is remedial in nature, and is to be broadly construed. *Antenor v. D & S Farms*, 88 F.3d 925 (11th Cir. 1996). In light of the remedial nature of the statute "[e]xemptions under the FLSA are to be construed narrowly against the employer who asserts them. The employer has the burden of showing that it is entitled to the exception." *Sarasota White Sox, Inc.*, 64 F.3d 590, 594 (11th Cir. 1995). The Eleventh Circuit has held that "the employer, bears the burden of proving the applicability of a FLSA exception by 'clear and affirmative evidence.'" *Klinedinst v. Swift Investments, Inc.*, 260 F.3d 1251, 1254 (11th Cir. 2001) (citing *Birdwell v. City of Gasden, Ala.*, 970 F.2d 802, 805 (11th Cir. 1992)).

Defendants argue that they are entitled to summary judgment as to Counts I, III, and IV of the Amended Complaint on the grounds that Plaintiff was exempt from the overtime provisions of

3

the FLSA pursuant to 29 U.S.C. § 207(i).   This exemption states as follows:

> (i) Employment by retail or service establishment
>
> No employer shall be deemed to have violated subsection (a) by employing any employee of a retail or service establishment for a workweek in excess of the applicable workweek specified therein, if (1) the regular rate of pay of such employee is in excess of one and one-half times the minimum hourly rate applicable to him under section 206 of this title, and (2) more than half his compensation for a representative period (not less than one month) represents commissions on goods or services. In determining the proportion of compensation representing commissions, all earnings resulting from the application of a bona fide commission rate shall be deemed commissions on goods or services without regard to whether the computed commissions exceed the draw or guarantee.

29 U.S.C.A. § 207(i).

Defendants argue that the undisputed evidence shows that Plaintiff was exempt from overtime under 29 U.S.C. §207(i):   Plaintiff was paid on a bona fide commission basis, was working at a service establishment, and during every work week earned commissions greater than one and one-half times the federal minimum wage for all hours conceivably worked.

In response to the summary judgment motion, Plaintiff concedes that AVNS is a service establishment and concedes that Plaintiff was compensated solely by AVNS on a commission basis.  However, Plaintiff argues that genuine issues of fact render summary judgment on the exemption set forth in § 207(i) inappropriate because (1) there is conflicting evidence as to the amount of hours worked by Plaintiff during each workweek and (2) the commission plan was not "bona fide" because AVNS made unlawful deductions from Plaintiff's compensation.   Plaintiff also contends that Defendants should not be permitted to claim an exemption to avoid their federal overtime obligations because AVNS recognized Plaintiff as an independent contractor rather than an employee.

The Court will address each of these arguments in turn.

4

> a. *Whether Plaintiff's Regular Rate of Pay was in Excess of One and One-Half Times the Minimum Wage*

Plaintiff is only covered by the § 207(i) exemption if her "regular rate of pay" exceeds one and one half times the minimum wage. The "regular rate of pay" is the "hourly rate actually paid the employee for the normal, non-overtime workweek for which he is employed" and "must reflect all payments which the parties had agreed shall be received regularly during the workweek, exclusive of overtime payments." 29 C.F.R. § 779.419(b) (quoting *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419 (1945)). The regular rate, therefore, is calculated by dividing the employer's total weekly compensation by the number of hours worked during that week. *See Klinedinst*, 260 F.3d at 1256. The determination as to whether the payment amount reaches one and one half time the minimum hourly rate is determined on a weekly basis. 29 C.F.R. § 779.419(a) ("[i]f [the wage] is not more than one and one-half times such minimum rate, there is no overtime pay exception for the employee in *that particular work week*.") (emphasis added).

Defendants argue that Plaintiff cannot dispute that she was paid well above $10.875 per hour, which is the overtime rate of one and one-half of the applicable minimum wage.[1] Defendants have submitted in the record the purported commission payments made by AVNS to Plaintiff; an estimate of the hours worked by Plaintiff each week (assuming Plaintiff was working five days per week, during all hours that AVNS business was open); and a calculation of Plaintiff's hourly rate for each week. *See* [DE 41-2] at pp. 4-25. Based upon Defendant's figures, Plaintiff's hourly rate, calculated on a weekly basis, always exceeded $10.875 per hour. *See id.*

However, Plaintiff disputes that this is an accurate set of calculations of Plaintiff's

---

1 Plaintiff worked for AVNS in 2012, 2013 and 2014. The minimum hourly rate during those years, and today, was $7.25 per hour. 29 U.S.C. § 206(a)(1)(C) (2017). Thus, the overtime rate under the second prong of the foregoing test is $10.875 per hour (one and one-half times $7.25).

5

effective hourly wage per week because Defendants did not keep a record of Plaintiff's worked hours and Defendants' basis for estimating her hours fails to account for the following: (1) Plaintiff allegedly was required to arrive for work at least 15 minutes before the nail salon was open to the public and typically worked at least 30-45 additional minutes after the nail salon had closed to the public; and (2) Plaintiff had days that she would come to work and receive no pay. *See* [DE 48-1] at ¶¶ 7, 10.   Accordingly, if a jury believed that Plaintiff actually worked approximately 5-8 additional hours per week more than the number of weekly hours estimated by Defendants, there would have been some workweeks in which Plaintiff received less than the required $10.875 per hour. *See, e.g.* [DE 41-2] at the workweeks of 12/6/13-12/12/13 and 1/17/14-1/23/14.

Here, because neither Plaintiff nor Defendants maintained an accurate record of how many hours Plaintiff worked in any given week, and the difference in the parties' positions regarding the number of hours worked affects whether or not Plaintiff's hourly rate, calculated on a weekly basis, always exceeded $10.875 per hour, the number of hours Plaintiff worked per week is a genuine issue of material fact to be determined by the factfinder, precluding summary judgment.

While the Court must deny Defendants' motion for partial summary judgment on this basis alone, the Court nonetheless addresses Plaintiff's remaining arguments against summary judgment as to the § 207(i) exemption.

    b. *Whether Plaintiff was Paid on a Bona Fide Commission Basis*

Plaintiff does not dispute that Plaintiff's compensation was calculated on a commission basis and that her compensation was calculated as a 60 percent commission of all her sales during 2013 and 2014.   However, Plaintiff argues that Defendants did not pay Plaintiff commissions under a "bona fide commission plan" because AVNS avoided all payroll taxes and stuck its nail

6

technicians with a hefty tax bill, unlawfully deducted credit card fees and fines from Plaintiff's commission sales, and mandated side work not connected to customer service sales.

Pursuant to the applicable regulations,

> A commission rate is not bona fide if the formula for computing the commissions is such that the employee, in fact, always or almost always earns the same fixed amount of compensation for each workweek (as would be the case where the computed commissions seldom or never equal or exceed the amount of the draw or guarantee). Another example of a commission plan which would not be considered as bona fide is one in which the employee receives a regular payment constituting nearly his entire earnings which is expressed in terms of a percentage of the sales which the establishment or department can always be expected to make with only a slight addition to his wages based upon a greatly reduced percentage applied to the sales above the expected quota.

29 C.F.R. § 779.416(c).   Plaintiff cites no regulations or case law supporting her position that the complaints Plaintiff has with the manner in which she was paid, *see supra*, renders the commission plan not bona fide where, as here, it is undisputed that Plaintiff was paid on a commission-only basis and that she was paid varying amounts each pay period based upon the revenue she generated.[2]   Accordingly, the Court rejects Plaintiff's argument that she was not paid on a bona fide commission basis.

    *c.  Whether Defendants should be Permitted to Claim an Exemption When They Have Labeled Plaintiff an Independent Contractor*

Plaintiff also contends that Defendants are not entitled to summary judgment as to the "employment by retail or service establishment" exemption under 29 U.S.C. § 207(i) because this exemption is reserved for *employees* and Defendants have contended that Plaintiff was an *independent contractor*.   The Court agrees that, based upon the record in this case, Defendants' have taken inconsistent positions as to whether Plaintiff was an employee or an independent contractor of AVNS. *Compare* [DE 47-2] at p. 7 *with* [DE 40].   Defendants are not permitted to

---

2  Rather, Plaintiff's arguments, if meritorious, would merely lower the effective rate of the commission paid.

7

maintain irreconcilable positions as to the issue of Plaintiff's employment status, claim by claim, in attempt to avoid liability as to all claims. Whether Plaintiff was an employee or an independent contractor of AVNS is also an issue properly submitted to the jury in this case.

IV. **Conclusion**

Based upon the foregoing, it is **ORDERED AND ADJUDGED** that Defendants' Motion for Partial Summary Judgment [DE 40] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 27th day of November, 2017.

*[signature]*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of record